# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Darlene Wendy Lewis,<br>  Plaintiff,<br><br>v.<br><br>National Credit Systems, Inc.,<br>  Defendant. | Civil Action File No.:<br><br>**COMPLAINT WITH<br>JURY TRIAL DEMAND** |

## PRELIMINARY STATEMENT

1. This action for damages is based upon Defendant's overt and intentional unlawful conduct in the furtherance of its efforts to collect a consumer debt. Defendant's conduct is in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## PARTIES

2. Plaintiff, Darlene Wendy Lewis, is a natural person who resides in Carroll County, Georgia.

3. Plaintiff is allegedly obligated to pay a consumer debt and is, therefore, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

4.  Defendant, National Credit Systems, Inc., is a corporation formed under the laws of the State of Georgia. Defendant may be served with process via its registered agent, C T Corporation System, at 289 South Culver Street, Lawrenceville, Georgia 30046-4805.

5.  Defendant uses interstate commerce and/or mail in its business. The principal purpose of Defendant's business is the purchase and collection of consumer debts. Defendant also regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.  Defendant touts on its website its skill in collecting on consumer debt, writing:

> *"Founded in 1991, National Credit Systems has grown to provide collection services to more apartment owners and managers than any other company in the country. We are licensed to collect debts throughout the U.S. and provide a full range of collection services to the multifamily industry."*

See, https://nationalcreditsystems.com/company.aspx. (Last visited June 22, 2020.)

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

8. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

9. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because Defendant maintains a registered agent for service of process in Gwinnett County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

11. On May 10, 2019, Plaintiff commenced a Chapter 13 bankruptcy case by filing a Petition of Relief with the Clerk of the United States Bankruptcy Court, Northern District of Georgia, Newnan Division. Plaintiff's bankruptcy was assigned case number 19-10923.

12. On July 17, 2019, Defendant filed a proof of claim in Plaintiff's

bankruptcy case, Claim Number 7, in the amount of $3,257.36 (the "Debt"), alleging that Defendant is the assignee and rightful holder of a debt originated by a third-party. A copy of the Proof of Claim (the "POC") is attached hereto as "Exhibit 1".

13. A proof of claim is a written statement, made under oath, setting forth the nature, composition, and amount of a creditor's claim to payment and an attempt to collect an alleged debt.

14. The Debt referenced in Defendant's POC is based upon an apartment lease. Exh. 1, pg. 2, enumeration 8.

15. The apartment lease was primarily for personal, family, or household purposes.

16. The Debt being collected by Defendant is a "consumer debt" as defined by 15 U.S.C. §§ 1692a(3) and (5).

17. Defendant's filing of the POC was a communication to third-parties in an attempt to collect a consumer debt.

18. Upon information and belief, Defendant has made objectively false and misleading representations regarding the nature and composition of the Debt it is seeking to collect.

19. Defendant's POC affirmatively declares, under penalty of perjury, that it does not include any sums comprised of interest, fees or other charges. Exhibit 1, pg. 2, enumeration 7.

20. Documents attached to Defendant's POC indicate that Defendant's declaration that the claim does not include any sums comprised of interest, fees or other charges is false.

21. Upon information and belief, the underlying Debt does indeed include interest, fees, or other charges.

22. Upon information and belief, Defendant's POC seeks to collect interest to which Defendant is not legally entitled to collect.

23. Documents attached to Defendant's POC indicate that the fees Defendant is attempting to collect is not expressly authorized by the agreement creating the Debt.

24. Upon information and belief, the fees Defendant is attempting to collect is not permitted by law.

25. Defendant has falsely represented that Defendant is expressly authorized and/or legally permitted to collect the fees.

26. Defendant's false representations have the effect of dissuading any party in interest from further examination of Defendant's claim and evaluating

defenses to that claim.

27. As such, Defendant's false representations were also materially misleading.

28. Defendant's false representations described in detail *supra* are not isolated instances.

29. Rather, they reflect the ongoing business practices of Defendant in this District.

## **INJURIES-IN-FACT**

30. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc*., No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

31. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

32. Violation of statutory rights are not a "hypothetical or uncertain"

injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

33. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

34. Accordingly, through the violation of Plaintiff's statutorily-created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

35. As a result of Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a. Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

   b. Out-of-pocket expenses in the form of travel to the offices of her counsel, and/or uncompensated time expended away from work and/or activities of daily living;

   c. Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding Defendant's collection efforts; and

d. Anxiety and worry caused by concern that she is being called upon to pay an improper/inflated claim.

## CAUSES OF ACTION

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e

36. Plaintiff incorporates by reference paragraphs 1 through 35 as though fully stated herein.

37. Defendant's filing of its POC was an attempt to collect a consumer debt.

38. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

39. The use of "or" in § 1692e means a representation violates the FDCPA if it is false *or* deceptive *or* misleading. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

40. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive. *Id*.

41. Defendant's statement that its claim does not include sums comprised of interest, fess, or expenses is objectively false, and thus violates 15 U.S.C. § 1692e.

42. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

43. Plaintiff incorporates by reference paragraphs 1 through 35 as though fully stated herein.

44. Defendant's filing of its POC was an attempt to collect a consumer debt.

45. 15 U.S.C. §•1692f specifically prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the Debt or permitted by law.

46. The fees Defendant is attempting to collect is not expressly authorized by the agreement creating the Debt or permitted by law, thus Defendant's attempt to collect the fees violates 15 U.S.C. § 1692f.

47. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## **TRIAL BY JURY**

48. Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 30th day of June, 2020.

**BERRY AND ASSOCIATES**

*/s/ Adam J. Klein*

Adam J. Klein
Georgia Bar No. 425032
aklein@mattberry.com

Matthew T. Berry
Georgia Bar No. 055663
*matt@mattberry.com*

Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, Georgia 30324

OFFICE   (770) 766-1230
FAX         (678) 383-2598

Counsel for Plaintiff